UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:03-cr-35-jgm-1 |
| | : | |
| ANDREW CAPOCCIA | : | |
| | : | |

RULING ON DEFENDANT'S OUTSTANDING MOTIONS
(Docs. 701, 716, 721)

I. Introduction

Defendant Andrew Capoccia moves to dismiss the second superseding indictment. (Docs. 701, 716.) The Court assumes the parties' familiarity with the underlying facts and extensive procedural history of Capoccia's case. See United States v. Capoccia, 503 F.3d 103 (2d Cir. 2007); United States v. Capoccia, 247 F. App'x 311 (2d Cir. 2007); United States v. Capoccia, 354 F. App'x 522 (2d Cir. 2009); United States v. Capoccia, 402 F. App'x 639 (2d Cir. 2010); United States v. Capoccia, 523 F. App'x 807 (2d Cir. 2013). For the reasons below, the motions are denied.

II. Discussion

Capoccia brings his claims under Federal Rule of Criminal Procedure 12(b)(3)(B), under which "a motion alleging a defect in the indictment or information" must be raised before trial, "but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."[1] First, Capoccia claims Count One of the indictment does not state an offense. (Doc. 701-1.) This argument fails on its face. The statute at issue here, 18 U.S.C. § 2314, provides in part that: "Whoever transports, transmits, or transfers in interstate or foreign commerce any . . . money, of the value of $5,000 or more, knowing the same to

---

[1] The Court notes Capoccia's withdrawal of his claim that his sentence violated the Supreme Court's holding in Alleyne v. United States, 133 S. Ct. 2151 (2013). (Doc. 738.)

have been stolen, converted or taken by fraud . . . Shall be fined under this title or imprisoned not more than ten years, or both." Count One charges Capoccia with transporting money "derived from said unearned retainer fees" in interstate commerce, knowing the money was "stolen, converted and taken by fraud." (Doc. 121 ¶¶ 39-40.) "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." Hamling v. United States, 418 U.S. 87, 117 (1974). In other words, "to state an offense, an indictment need only track the language of the statute." United States v. Frias, 521 F.3d 229, 235 (2d Cir. 2008) (internal quotation marks omitted). Contrary to Capoccia's contentions, see Doc. 701-1 at 2, the "unearned retainer fees" did in fact exist, and Count One faithfully tracks the language of § 2314.

Next, Capoccia claims his conduct was permitted by § 2314 and the New York Bar Association and therefore was authorized in New York. (Doc. 716-6 at 34.) To the extent it can be construed as an additional argument that the indictment fails to state an offense, his claim is unavailing. First of all, Capoccia's conduct was not authorized by the New York Bar Association. See In re Perez-Olivo, 33 A.D.3d 141, 147, 820 N.Y.S.2d 14, 18 (2006) (explaining that "virtually without exception attorneys . . . who have intentionally converted client funds are disbarred"). In any event, the Court agrees with the government that this argument misrepresents what the indictment actually charged. See Doc. 732 at 5 ("The grand jury did not merely accuse Capoccia of using client money before it was earned. Rather, it carefully alleged only that he committed fraud by fraudulently converting client money under circumstances in which those funds could neither be earned nor refunded upon request." ).

Relatedly, Capoccia also argues the Court and U.S. Attorney's Office "impermissibly intru[ded] upon the sovereignty of New York" in violation of the Tenth Amendment and the Due Process Clause of the Fifth Amendment by making illegal conduct that was supposedly legal in New York. (Doc. 716-6 at 20, 22.) Even if these claims somehow fall within the ambit of Rule 12(b)(3)(B), which the Court doubts, they fail. As explained above, Capoccia's prosecution did not criminalize legal conduct in New York. Neither the Tenth nor Fifth Amendment prohibited the federal government's prosecution of Capoccia for violating § 2314, a validly enacted statute under Congress' Commerce Clause power. See United States v. Trupin, 117 F.3d 678, 684 (2d Cir. 1997).

The Court need not address his claim that § 2314 is unconstitutionally vague as applied to his conduct because Capoccia is limited by the scope of his procedural vehicle. As mentioned above, Rule 12(b)(3)(B) only permits him, at this late stage in his case, to raise a claim "that the indictment or information fails to invoke the court's jurisdiction or to state an offense." The constitutional vagueness claim does not do either and therefore "must [have been] raised before trial." Fed. R. Crim. P. 12(b)(3). It was not.

Finally, Capoccia argues the Court lacks subject matter jurisdiction, restating several of his previous arguments. See Doc 720 at 4-5; Doc. 716-6 at 50-63. Objections to subject matter jurisdiction may be raised at any time. Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011). He particularly focuses on then-Judge Sotomayor's quotations at oral argument and written decision in United States v. Capoccia, 503 F.3d 103 (2d Cir. 2007), where the court held the indictment did not charge pre-May 2000 payments and Capoccia did not have to forfeit those amounts. Id. at 113, 118. Capoccia takes sentences out of context; they are in reference to the pre-May 2000 payments only. See id. at 113-14 (noting that paragraph twelve and thirteen of the indictment, which listed pre-May 2000 payments but did not allege all elements of the offense,

3

"stand in sharp contrast to paragraph forty, the charging paragraph of Count One, which specifically alleges that Capoccia transmitted and transferred the listed monies--all after May 2000--'in interstate commerce' and 'knowing said money to have been stolen, converted and taken by fraud.'" (quoting the indictment)). Capoccia's repeated assertions that § 2314 "does not reach conduct approved by the State of New York in its regulation of its licensed professionals in its capacity as a sovereign" are, as explained above, factually untrue and legally infirm. (Doc. 716-6 at 54.) The Court had subject matter jurisdiction over Capoccia's prosecution.

III. Conclusion

Because the government responded to his claims on October 29, 2013, Capoccia's request that the Court order the government to show cause (Doc. 721) is DENIED as moot. His remaining motions (Docs. 701, 716) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of January, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

4